### ACTION TO RESTRAIN PAYMENT OF SCHOOL CLAIMS.

Court of Appeals for Holmes County.

ALBERT E. CLINE v. OATH MARTIN ET AL.

Decided, December 27, 1915.

*Injunction—Sought Against Payment of Claims by a School Board—Equity—Parties.*

An action does not lie to enjoin payment of claims which have not been liquidated or are not yet due, the owners of which have not been made parties.

*Carl Schuler,* Prosecuting Attorney, *Weygandt & Ross* and *W. F. Garver,* for plaintiff.

*C. H. Workman, George W. Sharp* and *C. J. Fisher,* contra.

Houck, J.

This cause is here on appeal from the common pleas court of this county.

The plaintiff in his petition says that he is an elector and tax-payer of Knox township, in Holmes county, Ohio, and resides in the territory alleged to be in the Nashville village school district; that the defendants, Martin, Elder, Glasgow, Jones and Ligget claim to be the members of said board of education; that prior to the establishment of the said pretended Nashville village school district the same territory was included in what was then known as the Nashville special school district, which had been declared null and void by a decree of court; that the above named persons were also the members of the Nashville special school district; that while acting as members of said pretended Nashville special school district they incurred an indebtedness for wagons, hall rent, and hauling pupils, in the sum of about $2,200; that the defendants, as members of said village board of education, have assumed and agreed to pay said obligation of said former pretended board of education, and will do so unless restrained by order of court from so doing, and prays for injunction, etc.

The cause coming on to be tried, no answer being on file, it was agreed by all parties hereto that the defendants would file an answer in the nature of a general denial, and the cause was submitted on said pleadings, the petition and answer, and the evidence.

The evidence disclosed that all of the claims which plaintiff alleges had been assumed by the defendants, and for which he seeks to enjoin payment, have been paid, save and except two or three claims, amounting to about two hundred dollars, for hauling pupils, and the testimony as to them is so conflicting that the actual sum due, if any, was not made clear to the court. We find that these claims, as they now stand, are unliquidated claims.

The evidence further discloses that a $1,200 note given by the former board of education to the Citizens Banking Company of Loudonville, Ohio, has not been paid, and plaintiff seeks to enjoin the present board from paying the same.

It will be observed that the unpaid claims of those who conveyed the pupils to the schools are in dispute, and the exact amount due, if any, has not been ascertained and determined. It will further be observed that this is a suit in equity seeking to invoke the remedy of injunction against claims that have not been reduced to judgment, and in fact no testimony was offered proving or even tending to prove that the owners or holders of said claims had ever demanded or requested payment of the present board of education. And what is said here with reference to there being no demand or presentation of the claims for hauling pupils, and the same not being reduced to judgment, is applicable to the note held by the bank.

From what has been said it is apparent that the petitioner comes into a court of equity basing his action, so far as the first claim is concerned, upon unliquidated claims, seeking to have the amount due determined, and at the same time invoke the equitable remedy of injunction thereto, all of which is to be done through the medium of a proceeding in and relief obtained from a court of equity. Certainly this can not be done.

The suit at bar is not one at law, but in equity. The relief sought is not to determine as to the amount of or the legal liability as to the recovery on the claims and note in question, but the relief sought and prayed for is injunction.

The owner of the $1,200 note, the Citizens Banking Company, is not made a party to the present action, and yet plaintiff seeks to enjoin defendants from paying said note, in face of the fact that the evidence does not show that it at any time attempted to collect the same of the defendants, and the further fact that no evidence was offered to show or tending to show that it had ever demanded payment of them. In view of these facts, how could plaintiff properly be entitled to a restraining order against the defendants preventing them from paying said note, without one of the real parties in interest, the Citizens Banking Company, being made a party defendant and given an opportunity to set up its defense if it desired to do so? The banking company is not only a proper, but a necessary party to this suit, and is entitled to its day in court, and without such opportunity being

given it is certain a court of equity would not be warranted in granting to plaintiff the relief he seeks.

Guided by the facts in this case, and the law applicable to the same, we know of no reason why the plaintiff should be permitted by means of the equitable remedy of injunction to obtain the relief which he asks. Furthermore, equity never seeks to act in contravention of law, nor does it seek to confer jurisdiction upon itself when it appears by the pleadings or evidence, or both, that there is some remedy at law which has not been fully invoked, or where there is an ample remedy at law.

Taking this view of the case, we are of the opinion that a decree should be entered in favor of the defendants. The petition of plaintiff is dismissed, at his costs. Decree and judgment is entered accordingly.

SHIELDS, J., and POWELL, J., concur.